UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN T. CAYANAN,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 15-1414-KK<br><br>ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |

### I.

### **INTRODUCTION**

On August 24, 2016, Plaintiff's counsel, William M. Kuntz of William M. Kuntz, PLC ("counsel") filed a Motion for Attorneys' Fees Under The Equal Access to Justice Act ("Motion"). ECF Docket No. ("Dkt.") 23 at 1. The Motion seeks fees in the amount of $3,754.25 and costs in the amount of $400.00 for representing Plaintiff Herman T. Cayanan ("Plaintiff") in an action to obtain disability insurance benefits. Id. On September 7, 2016, Defendant Carolyn W. Colvin ("Defendant") filed a Memorandum In Opposition to Plaintiff's Motion ("Opposition"). Dkt. 24 at 1.

///

///

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Dkt. 9, 10. For the reasons stated below, the Court grants the Motion.

## II.
## **RELEVANT BACKGROUND**

On July 15, 2015, Plaintiff filed the Complaint in this action. Dkt. 1 at 1. The Complaint alleged the decision denying Plaintiff's claim was not in accordance with the law and not supported by substantial evidence. Id. at 2. On May 31, 2016, the Court found Defendant erred in denying Plaintiff disability insurance benefits, and entered Judgment reversing and remanding for further administrative proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g). Dkt. 22 at 1. The Court applied the substantial evidence standard and held the decision of the Administrative Law Judge ("ALJ") was unsupported by substantial evidence. Dkt. 21 at 9-20. The Court found the ALJ failed to give specific, clear, and convincing reasons for rejecting Plaintiff's testimony. Id.

On August 24, 2016, Plaintiff's counsel filed the instant Motion under the Equal Access to Justice Act. Dkt. 23 at 1. The motion seeks the amount of $3,754.25 in fees and $400.00 in costs incurred representing Plaintiff in the underlying proceedings before this Court. Id. at 4. Counsel states 19.67 hours of attorney time were expended, Id. at 4; Dkt. 23-1.

On September 7, 2016, Defendant filed her Opposition, arguing the Court should deny the Motion because Defendant's position was "substantially justified." Dkt. 24 at 1-13.

///
///
///
///
///

# III.
# **DISCUSSION**

## A.     The Equal Access to Justice Act Entitles Plaintiff To Fees

### 1.     Applicable Law

The Equal Access to Justice Act ("EAJA") requires a court to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

To challenge a request for EAJA fees, the government must show its position was substantially justified. Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). Specifically, "the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). The government's position comprises both the underlying agency action giving rise to the civil action and the government's litigation position. 28 U.S.C. § 2412(d)(2)(D); Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014).

With respect to a social security appeal, a court may treat an ALJ's decision as the underlying action. Meier, 727 F.3d at 870 ("[W]e have consistently treated the ALJ's decision as the action or failure to act by the agency upon which the civil action is based"). A court's holding an ALJ's decision was unsupported by substantial evidence is "a strong indication" the government's position was not substantially justified because the substantial evidence and substantially justified standards are "significantly similar[]." Id. at 872 (internal quotation marks omitted); see Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record'" (quoting Al-Harbi v. I.N.S., 284

F.3d 1080, 1085 (9th Cir. 2002))).  If the ALJ's decision lacked substantial justification, the court must award fees and need not address whether the government's litigation position was justified.  <u>Tobeler</u>, 749 F.3d at 832; see also <u>Sampson v. Chater</u>, 103 F.3d 918, 922 (9th Cir. 1996) ("'It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not.'" (quoting <u>Flores v. Shalala</u>, 49 F.3d 562, 570 n.11 (9th Cir. 1995))).

    **2.**    **Analysis**

Here, the ALJ's decision was not substantially justified.  Dkt. 21 at 9-20.  For the reasons set forth in the Court's May 31, 2016 Order, the ALJ erred by failing to give specific, clear, and convincing reasons for rejecting Plaintiff's testimony.  <u>Id.</u> at 10-20.  The Court accordingly remanded with instructions to the ALJ to reassess Plaintiff's credibility and further develop the record.  <u>Id.</u> at 21.  In reaching its conclusions, the Court applied the substantial evidence standard and held the ALJ's decision was unsupported by substantial evidence.  <u>Id.</u> at 9-20.  The Court noted the ALJ made his determinations without taking into consideration Plaintiff's overall diagnostic record and by improperly relying on Plaintiff's daily activities.  <u>Id.</u> at 10-20.  Because the ALJ's denial of benefits was not supported by the record, the Court does not find the government has satisfied its burden of showing the underlying action had a reasonable basis both in law and fact.  <u>Pierce</u>, 478 U.S. at 565.  Additionally, as the substantial evidence standard is significantly similar to the substantially justified standard, the Court's finding the ALJ's decision was unsupported by substantial evidence further supports the finding that the ALJ's decision was not substantially justified.  <u>Meier</u>, 727 F.3d at 872.  Hence, as the prevailing party, Plaintiff is entitled to fees and expenses incurred in this action.  28 U.S.C. § 2412(d)(1)(A).

///

///

4

## IV.
## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED: (1) Plaintiff's counsel's Motion for Attorneys' Fees Under The Equal Access To Justice Act is granted, Dkt. 23; and (2) the Commissioner is directed to pay Plaintiff the sum of $4,154.25, subject to Plaintiff's outstanding federal debts.

Dated: September 21, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge